UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEONTA' JAMAL JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 2:23-cv-01756-EJY<br><br>**ORDER** |

Plaintiff Deonta' Jamal Jones seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") finding Plaintiff was not disabled under Title XVI of the Social Security Act. ECF No. 14. Defendant filed a Cross-Motion to Affirm and Response. (ECF Nos. 16, 17) and Plaintiff filed a Reply (ECF No. 18).

**I.     Background**

On October 14, 2025, an application for disability benefits was filed on behalf of Plaintiff who was a minor at the time. Administrative Record ("AR") 204-212. Defendant denied Plaintiff's application initially and upon reconsideration after which Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 83-103, 132. The ALJ held a hearing on November 8, 2018. AR 51-82. This occurred after Plaintiff reached adulthood. AR 83-103, 132. On February 8, 2019, the ALJ issued a decision finding Plaintiff was not disabled from the date of application through the date of the decision. AR 18-50. Plaintiff requested review of the ALJ's decision that was denied on August 8, 2023. AR 5-17. On August 20, 2020, Plaintiff filed a Complaint in the United States District Court for the Northern District of Georgia challenging the ALJ's decision. AR 1208-1264. On November 15, 2021, the Court reversed the ALJ's decision and remanded for further proceedings because the ALJ erred in evaluating the functional domains for Plaintiff's childhood disability claim. AR 1265-1266. On February 26, 2022, the Appeals Council remanded the matter back to the ALJ. AR 1304-06. On January 4, 2023, Plaintiff notified the Social Security Administration of his relocation to Nevada. AR 1354. The ALJ held a second hearing on February

1, 2023 (AR 1178-1207) and issued a second unfavorable decision on June 7, 2023.  AR 1142-1167.  On August 25, 2023, the ALJ's decision became final.  AR 1134-1138.  Plaintiff now seeks judicial review of Defendant's decision.

## II. Standard of Review

The reviewing court shall affirm Defendant's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence is "more than a mere scintilla," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. --, 139 S.Ct. 1148, 1154 (2019)).  In reviewing the alleged errors, the Court must weigh "both the evidence that supports and detracts from the conclusion."  *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion."  *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision."  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted).  And, a court may not reverse an ALJ's decision based on a harmless error.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. Establishing Disability Under the Act

When determining whether a child is disabled, an ALJ must apply the three step sequential evaluation process established under Title 20 of the Code of Federal Regulations § 416.924.  A child is disabled if he/she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).  The three step process requires the ALJ to determine whether (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a medically determinable

impairment or combination of impairments that is severe, and (3) the claimant's impairment or combination of impairments meets or medically equals the requirements of a listed impairment or functionally equals the listings. 20 C.F.R. § 416.924(b)-(d); *Nesmith ex rel. A.S. v. Astrue*, Case No. CV-07-217-CI, 2008 WL 958206, at *2 (E.D. Wash. Apr. 8, 2008). "The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995).

"If an impairment does not meet the requirements of, or is not medically equal to, a listed impairment, the claimant may still be disabled if his impairment or combination of impairments is found to be 'functionally equivalent' to a listed impairment." *Dickerson v. Comm'r of Soc. Sec.*, Case No. 1:22-CV-01217-SAB, 2023 WL 4686352, at *2 (E.D. Cal. July 21, 2023). In determining functional equivalence, "the ALJ considers all of the child's activities, 'everything [the child does] at home, at school, and in [the] community.'" *Id.*, citing 20 C.F.R. § 416.926a(b). The regulations identify six "areas of functioning intended to capture all of what a child can or cannot do," referred to as "domains," that include the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for [oneself], and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). In order to establish an impairment or combination of impairments is functionally equivalent to the listings, a claimant must show his/her impairment or combination of impairments results in an extreme limitation in one area of functioning or marked limitations in two areas of functioning. 20 C.F.R. § 416.926a(d).

A child has an extreme limitation in a domain if impairments "interferes very seriously with … [the child's] ability to independently initiate, sustain, or complete activities. … [D]ay-to-day functioning may be very seriously limited when … impairment(s) limits only one activity or when the interactive and cumulative effects of … impairment(s) limit several activities. Extreme limitation also means a limitation that is more than marked. Extreme limitation is the rating we give to the worst limitations." 20 C.F.R. § 416.926a(e)(3)(i) (internal quote marks removed). A marked limitation is one in which the "impairment(s) interferes seriously with … [a child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). A child's "day-to-day functioning may be seriously limited when … [his/her] impairment(s) limits only one

activity or when the interactive and cumulative effects of [his/her] impairment(s) limit several activities." Marked limitation also means a limitation that is 'more than moderate' but 'less than extreme.'" *Id*. (brackets in original, internal quote marks removed.) A "less than marked limitation" is not defined in 20 C.F.R. § 416.926a.

To establish whether an adult claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether an adult claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

> Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor

equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## IV.   Summary of the ALJ's Decision

The ALJ applied the three-step sequential analysis applicable to Plaintiff's childhood disability claim. 20 C.F.R. § 416.924; AR 1146-1159. The ALJ found Plaintiff was born on July 3, 1998, was an adolescent on the application date (October 13, 2015), and reached the age of 18 on July 2, 2016. AR 1150. At step one of the sequential process, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 13, 2015, the application date. *Id*. The ALJ next found that, prior to age 18, Plaintiff had the following severe impairments: asthma, allergies, attention deficit hyperactivity disorder, oppositional defiant disorder, disruptive behavior disorder, borderline intellectual functioning, schizophrenia, bipolar disorder, scoliosis, dermatitis, and migraines (step two). *Id*. The ALJ concluded that prior to reaching age 18 Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 1151. The ALJ further found Plaintiff did not have an impairment or combination of impairments that functionally equaled the severity of the listings. AR 1151-1159. In assessing the six domains of functioning, the ALJ found Plaintiff had (1) less than a marked limitation in acquiring and using information; (2) less than a marked limitation in attending and completing tasks; (3) less than a marked limitation in interacting

with others; (4) no limitation in moving about and manipulating objects; (5) less than a marked limitation in the ability to care for himself; and (6) less than a marked limitation in health and physical well-being (step three). *Id.* The ALJ concluded Plaintiff was not disabled during childhood. AR 1159.

For Plaintiff's adult disability claim, the ALJ applied the 5-step sequential analysis under 20 C.F.R. § 404.1520 finding Plaintiff had not developed any new impairments since attaining age 18. *Id.* The ALJ also found Plaintiff continued to have a severe impairment or combination of impairments, but these impairments did not meet or medically equal the severity of impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. AR 1159-1163. The ALJ concluded that since reaching age 18 Plaintiff's residual functional capacity ("RFC") allowed him to perform light work. AR 1163-1166. The ALJ excepted from this light work that Plaintiff could not perform concentrated exposure to extreme heat, cold, humidity, and wetness or pulmonary irritants including fumes, odors, dust, and gasses. *Id.* In addition, the ALJ found Plaintiff could not have direct exposure to hazardous conditions including unprotected heights, dangerous machinery or uneven surfaces. *Id.* The ALJ determined Plaintiff could perform unskilled work activity defined as simple routine tasks involving no more than detailed but uninvolved instructions with simple work related decisions and minimal workplace changes, no work at a fixed production rate pace, and occasional interaction with the general public, coworkers and supervisors. *Id.* The ALJ stated Plaintiff had no past relevant work, was a younger individual at the age of 18-49, had a limited education, and transferability of job skills was not an issue because Plaintiff did not have past relevant work. AR 1166. The ALJ determined that since the date Plaintiff reached the age of 18, considering Plaintiff's age, education, work experience, and residual functional capacity, jobs existed in significant numbers in the national economy that Plaintiff could perform. AR 1166-1167. Ultimately, the ALJ concluded Plaintiff was not disabled as an adult from the date of application through the date of his decision. AR 1167.

**V.   Issues Presented**

Plaintiff says the ALJ erred when he determined Plaintiff was not disabled. Despite finding Plaintiff had severe impairments including schizophrenia, bipolar disorder, and other behavioral issues, Plaintiff argues the ALJ did a "missing or underdeveloped analysis" that ran afoul of his duty

6

to develop the record. Plaintiff also takes issue with the ALJ's assessment of medical evidence from when Plaintiff was a minor that specifically addressed his limitation in the functional area of attention and focus, which Plaintiff says, if properly assessed, would result in a disability finding. Plaintiff concludes by arguing the ALJ failed to adequately evaluate the evidence concerning Plaintiff's abilities during childhood to attend to and complete tasks and acquire and use information.

Defendant responds that the ALJ's duty to develop the record is only triggered when there is ambiguous evidence or the record is somehow inadequate for proper evaluation of the evidence and, here, the evidence was not ambiguous and the record was not inadequate. ECF No. 16 at 6-8. Defendant also contends the ALJ's evaluation of Plaintiff's abilities to attend to and complete tasks and acquire and use information during childhood was supported by substantial evidence. *Id.* at 8-11.[1]

**VI.  Discussion**

    A.    <u>The ALJ's Childhood Disability Determination</u>.

        *i.*    *The ALJ Failed to Meaningfully Engage With the Evidence Regarding Plaintiff's Absenteeism, Hallucinations, and Inability to Complete School Assignments.*

"The ALJ must build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." *Belle on behalf of J.S. v. Saul*, Case No. 2:19-CV-00077-JAD-EJY, 2021 WL 5513527, at *5 (D. Nev. Nov. 5, 2021), *report and recommendation adopted*, Case No. 2:19-CV-0077-JAD-EJY, 2021 WL 5510222 (D. Nev. Nov. 24, 2021). If the ALJ fails to "meaningfully engage with the medical evidence" in forming his conclusions, this is an independent basis for remand. *Jennifer A v. O'Malley*, Case No. 23CV326-GPC(LR), 2024 WL 400183, at *9 (S.D. Cal. Feb. 2, 2024), *report and recommendation adopted sub nom. Jennifer A. v. O'Malley*, Case No. 23-CV-326-GPC(LR), 2024 WL 1177761 (S.D. Cal. Mar. 19, 2024).

This is the second time a U.S. District Court is reviewing this case. The U.S. District Court for the Northern District of Georgia found the ALJ failed to build an "accurate and logical bridge" from the evidence to his conclusions. AR 1294. The remand order explained the ALJ presumed,

---

[1]     Plaintiff filed a Reply in which he reiterated many of the same arguments asserted in his Motion. ECF No. 18.

7

rather than found, "that Plaintiff's excessive school absences were the result of unimpaired choice." AR 1296. The District of Georgia court stated that "[w]hether Plaintiff's … school absences … derived more or less from unimpaired choice or comorbid symptoms of mental illness is a matter left to the ALJ, but in resolving it the ALJ must fully take account of and evaluate the relevant evidence. That was not done here." AR 1297, *citing McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). On remand, the ALJ was ordered to delve into a deeper analysis as to the root cause of Plaintiff's absences and consider whether they are an indicator of "comorbid symptoms of mental illness." *Id.*

Here, Plaintiff argues the ALJ makes the same error. Plaintiff says that in considering the domains of attending and completing tasks and acquiring and using information the ALJ failed to conduct the required deeper analysis of Plaintiff's absenteeism. ECF No. 14 at 13-16. Upon review this Court finds that, despite the Northern District of Georgia's prior directive, the ALJ again does not meaningfully elaborate on the possible causes of these absences and simply states they support his conclusion that Plaintiff is not disabled. AR 1155 (in considering the domain of attending and completing tasks, the ALJ mentioned that poor performance at school was due to "excessive absenteeism" while failing to analyze or consider the cause of such absenteeism); AR 1156 (in considering the domain of acquiring and using information, the ALJ noted that poor school performance was due to absenteeism, but does not analyze or consider the cause of the absenteeism). As the Northern District of Georgia stated, and this Court finds, the ALJ failed to perform an adequate analysis and does not build an "accurate and logical bridge" from the evidence of Plaintiff's absenteeism in school to his conclusions.

Plaintiff further argues the ALJ's finding that Plaintiff had a less than marked limitation in attending and completing tasks is misleading. The ALJ based his decision on "improved attention/concentration in January 2016 with medication." Plaintiff submits, and the Court agrees, that the ALJ failed to consider other statements regarding Plaintiff's substantial limitations made in the same assessment upon which the ALJ relied. ECF No. 14 at 13-14 *citing* AR 1155-56. In fact, the record to which the ALJ cited states: "Patient [reported] his attention and concentration is better with the medicine. He reported sometimes seeing shadows and holding conversations with family

8

[members] when they are not around him and sometimes with strangers. He reported symptoms are worse at night and occur 2 to 3 days a week. [He] also often thinks people are watching or following him for no reason." AR 505. The ALJ's "less than marked limitation in attending and completing tasks" decision ignores this evidence—evidence that strongly suggests a negative impact on Plaintiff's ability to pay attention and complete tasks.

Finally, Plaintiff takes issue with the ALJ's failure to mention statements in a teacher questionnaire from 2016 when reaching his conclusion regarding the acquiring and using information domain. ECF No. 14 at 15, *citing* AR 264. The ALJ found Plaintiff had less than marked limitation in this domain. AR 264. However, the 2016 teacher questionnaire states that Plaintiff, "when he is present, which is rare, … seems concerned but not capable of completing assignments," and that Plaintiff had "[a] serious problem" with "[l]earning new material" and "[e]xpressing ideas in written form." *Id.* Dr. McAdams, Psy. D., conducted a psychological evaluation of Plaintiff in March 2016 and reviewed this questionnaire noting Plaintiff appeared sleepy and lethargic in class and to have a "serious problem in acquiring and using information due to attention and focus." ECF No. 14 at 4 *citing* AR 539. Plaintiff argues: "In assessing Plaintiff's ability in this domain, the ALJ again emphasized Plaintiff's school absences (AR 1155) without regard for the concerns expressed by the last District Court to review this case (AR 1296-97). Moreover, while the ALJ mentioned the discussion of absences found at AR 264, the ALJ failed to mention the further explanation stating that when Plaintiff was present in school, 'he seem[ed] concerned [illegible] not capable of completing assignments.' AR 264." *Id*. at 15. Ultimately, Plaintiff points to the ALJ's failure to consider this information when concluding Plaintiff had a less than marked limitation in this domain.

As was true when the Northern District of Georgia first reviewed the ALJ's findings it is true again that the ALJ "overleveraged evidence that seemed to weigh against a finding of childhood disability (AR 1297) and under engage with pertinent evidence (AR 1292)." *Id.* at 14. As a result, the ALJ has failed to take full account of and evaluate all relevant evidence, which is adequate basis for remand. *McCruter*, 791 F.2d at 1548. This case is remanded for purposes of considering evidence of Plaintiff's absenteeism, hallucinations, and inability to complete school assignments.

        *ii.*      *Plaintiff Fails to Provide an Adequate Basis for Remand on the ALJ's Analysis of Plaintiff's Cooperative Disability Investigation Report.*

Plaintiff takes issue with the fact that the ALJ relies on Plaintiff's Cooperative Disability Investigation ("CDI") report in support of his conclusion that Plaintiff has a less than marked limitation in attending or completing tasks. ECF No. 14 at 15. Specifically, Plaintiff states the ALJ did not mention that the CDI report "showed that Plaintiff would walk to a bus stop, wait for the bus, and then decline to get on the bus, instead walking home." *Id*. *citing* AR 568-69. While Plaintiff offers this contention, he does so as a conclusion providing no analysis or case law to support that this is reversible error. *Melinda E. v. Kijakazi*, Case No. 2:21-CV-344-JAG, 2023 WL 2731031, at *3 (E.D. Wash. Mar. 30, 2023), *quoting Gonzalez-Hernandez v. Colvin*, Case No. 13-CV-5086-TOR, 2014 WL 4685234, at *5 (E.D. Wash. Sept. 19, 2014) ("[i]t is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work-framing the argument and putting flesh on its bones through a discussion of applicable law and facts."). It is Plaintiff's burden to demonstrate through more than conclusions that the ALJ committed reversible error. In the absence of anything other than a conclusion, it is error for the Court to remand.

    B.    <u>Plaintiff Fails to Demonstrate a Duty to Develop the Record as to the ALJ's Adult Disability Determination</u>.

A disability applicant bears the burden of proving disability and must provide medical evidence demonstrating the existence and severity of an alleged impairment. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(c). Nonetheless, an ALJ has a "duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes*, 276 F.3d at 459. "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty" to develop the record further. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quote marks and citations omitted). "[T]he determination as to whether the record is inadequate is within the ALJ's discretion." *Wattenburger v. Astrue*, Case No. CV-11-05008-JPH, 2012 WL 2847887, at *7 (E.D. Wash. July 11, 2012) (citing *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)). Additionally,

"the ALJ's duty to develop the record cannot be used to shift the burden of proving disability to the ALJ." *Robert D. W. v. Comm'r of Soc. Sec.*, Case No. 3:22-CV-05767-GJL, 2023 WL 3221966, at *7 (W.D. Wash. May 3, 2023) (citing *Mayes*, 276 F.3d at 460). As such, if medical records exist regarding an impairment relevant to a period of disability, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Luther v. Astrue*, Case No. EDCV 10-00228-MLG, 2010 WL 3418545, at *2 (C.D. Cal. Aug. 27, 2010) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987)).

Here, Plaintiff did not assert the record is ambiguous; rather, Plaintiff's argument rests solely on the assertion that the record, as it stands, was inadequate to support the conclusion that Plaintiff's mental health impairments were not disabling. ECF No. 14 at 8-12. That said, the determination of whether the record was inadequate lies within the ALJ's discretion; indeed, the duty is triggered by "the ALJ's own finding that the record is inadequate." *Tonapetyan*, 242 F.3d at 1150. No such finding was made here. Plaintiff cannot shift his burden of proving he is disabled to the ALJ by virtue of the ALJ's duty to develop the record. *Mayes*, 276 F.3d at 460. In making his arguments, Plaintiff inappropriately attempts to shift the burden of proving disability to the ALJ. For this reason, the Court finds Plaintiff's argument that the ALJ had a duty to develop the record and failed to do so is without merit.

**VII. Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 14) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 16) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Court enter judgment in favor of Plaintiff regarding the ALJ's failure to meaningfully engage with evidence of Plaintiff's absenteeism, hallucinations,

and inability to complete school assignments. The Court remands this matter to the Commissioner of Social Security for proceedings consistent with the content of this Order under sentence four of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this case.

DATED this 13th day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE